UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN NICHOLSON,

        Petitioner,

        Case No. 14-cv-10828

v.

        HON. MARK A. GOLDSMITH

RANDALL HAAS,

        Respondent.

_____/

# OPINION AND ORDER
## HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Steven Nicholson, confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a); first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b); first-degree child abuse, Mich. Comp. Laws § 750.136b(2); and second-degree murder, Mich. Comp. Laws § 750.317. Respondent has filed an Answer to the petition for a writ of habeas corpus (Dkt. 6). As part of the Answer, Respondent contends that the third claim is unexhausted and/or procedurally defaulted, having been abandoned on direct review. Respondent bases this contention on the finding of the Michigan Court of Appeals that the claim was not sufficiently developed for the court to review.

In lieu of dismissing the petition, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to properly exhaust his third claim. The Court will also administratively close the case.

## I.  BACKGROUND

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Nicholson, No. 304784, 2012 WL 4512570 (Mich. Ct. App. Oct. 2, 2012) (per curiam) (Dkt. 7-23), leave denied, 827 N.W.2d 202 (Mich. 2013) (Dkt. 7-24).

Petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following three grounds:

  i. The trial court violated appellant's due process rights by allowing the prosecutor to introduce unfairly prejudicial evidence of alleged child abuse not tending to show motive, intent, or absence of accident.

  ii. Mich. Comp. Laws § 768.37, which conditions the right to offer evidence of diminished capacity from voluntary consumption of medication on a defendant's status as a legal drug user, violates appellant's due process right to present a defense establishing that, due to Xanax overdose, appellant was unable to formulate the specific intent to kill his children or to knowingly or intentionally cause them serious physical harm.

  iii. "Actual Facts" alleging that the prosecutor, and defense counsel, and trial court judge all made errors throughout the trial requiring relief.

See Pet. at 4, 13 (cme/ecf pages).

## II.  ANALYSIS

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. §§ 2254(b), (c); Picard v. Connor, 404 U. S. 270, 275-278 (1971). The Antiterrorism and Effective Death Penalty Act ("AEDPA") preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state

2

courts but has failed to do so. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. Id. Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230 (2004); see also Nasr v. Stegall, 978 F. Supp. 714, 716 (E.D. Mich. 1997).

The various sub-claims contained in Petitioner's third claim were never properly exhausted with the state courts. Although Petitioner attempted to raise some of these claims in his supplemental pro se Standard 4 brief, this was insufficient to exhaust these claims.[1]

The Michigan Court of Appeals declined to review the claims that petitioner had raised in his Standard 4 brief (Dkt. 7-23), because Petitioner did not present any legal arguments in support of his claims nor did he offer any legal authority in support of his claims. Nicholson, 2012 WL 4512570, at *8. In Michigan, a party who seeks to raise an issue on appeal, but who fails to brief it, is considered to have abandoned the issue on appeal. People v. Smith, 480 N.W.2d 908 (Mich. 1992); Mitcham v. City of Detroit, 94 N.W.2d 388 (Mich. 1959).

To exhaust a claim in the state courts, a federal habeas petitioner is required to present a federal constitutional issue "within the four corners" of his appellate brief. See Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005). A habeas petitioner's "sporadic and

---

[1] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a pro se brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." Ware v. Harry, 636 F. Supp. 2d 574, 594, n.6 (E.D. Mich. 2008).

undeveloped allusions" to a claim do not satisfy the exhaustion requirement. See Vasquez v. Jones, 496 F.3d 564, 568 (6th Cir. 2007). Petitioner's Standard 4 brief did not contain any statement of questions. Michigan Court Rule 7.212(C)(5) requires a statement of the questions involved, with each issue for appeal separately numbered. See Dando v. Yukins, 461 F.3d 791, 797 (6th Cir. 2006). By failing to raise any of his claims in any headings in his appeal brief, Petitioner did not fairly present the sub-claims contained in his third claim to the state courts for purposes of properly exhausting this claim. See Wagner, 581 F.3d at 415-416. Petitioner's third claim is unexhausted.

The Court's only concern in dismissing the current petition involves the possibility that Petitioner might be prevented under the one-year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.

The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

In the present case, Petitioner's claim does not appear to be "plainly meritless." Wagner, 581 F.3d at 419. Petitioner may assert that he did not properly raise this claim in the state courts due to the ineffective assistance of appellate counsel. Id., at 419 nn. 4 & 5. It does not

appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).

In order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within 90 days of receiving this Court's order and returning to federal court within 90 days of completing the exhaustion of state-court post-conviction remedies. Hargrove, 300 F.3d at 721; see also Geeter v. Bouchard, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting his claim or claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. See Wagner, 581 F.3d at 419. A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508 (B)-(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509, 7.203, 7.302; Nasr, 978 F. Supp. at 717. Therefore, Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan

Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion.  See, e.g., Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## II.  CONCLUSION

For the reasons stated above, the Court orders that Petitioner may file a motion for relief from judgment with the state court within 90 days of receipt of this Court's order.  If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will proceed on the first and second claims and consider Petitioner's third claim abandoned.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be held in abeyance pending the Petitioner's exhaustion of the claim.  Petitioner shall re-file a habeas petition using the same caption and case number within 90 days after the conclusion of the state-court post-conviction proceedings.  Petitioner is free, at that time, to file an amended habeas petition that contains newly exhausted claims.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.  See Sitto v. Bock, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further ordered that, upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

Dated:  April 25, 2016　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2016.

s/Karri Sandusky
Case Manager